IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | In Proceedings for a Reorganization Under Chapter 11 |
| PITTSBURGH CORNING CORPORATION, | Case No. 00-22876-JKF |
| Debtor. | |
| OFFICIAL COMMITTEE OF UNSECURED ASBESTOS CREDITORS, | Response Date: Hearing Date & Time: |
| Applicant. | Docket No. _____ |
| v. | |
| NO RESPONDENT | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED ASBESTOS CREDITORS FOR AN ORDER APPROVING AND AUTHORIZING THE RETENTION AND EMPLOYMENT OF CHARTER OAK FINANCIAL CONSULTANTS, LLC, AS FINANCIAL ADVISOR <u>NUNC PRO TUNC TO NOVEMBER 6, 2007</u>**

The Official Committee of Unsecured Asbestos Creditors (the "Committee") of Pittsburgh Corning Corporation, the above-captioned debtor and debtor-in-possession, by its co-counsel, Campbell & Levine, LLC and Caplin & Drysdale, Chartered, in support of its application ("Application") for an order authorizing the Committee to employ Charter Oak Financial Consultants, LLC, as financial advisor *nunc pro tunc* to November 6, 2007, pursuant to §§ 327 and 328 of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure, respectfully represents as follows:

1. The following materials are submitted in support of this Application: (i) the Declaration of Elihu Inselbuch, (ii) the Certification of Charter Oak Financial Consultants, LLC, (iii) the Certification of Bradley M. Rapp, (iv) the

DOC# 289512

Certification of James P. Sinclair, and (v) the Certification of Robert H. Lindsay. Also submitted is a proposed order.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 327, 328 and 1107(b) of the Bankruptcy Code as supplemented by Bankruptcy Rule 2014.

## BACKGROUND

3. On April 16, 2000 (the "Petition Date"), Pittsburgh Corning Corporation ("Pittsburgh Corning" or the "Debtor") filed a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court"). The Debtor has continued in the possession of its properties and the management of its businesses as debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. The United States Trustee for the Western District of Pennsylvania appointed the Committee in accordance with the provisions of § 1102(b) of the Bankruptcy Code, by notice dated April 28, 2000.

5. By order dated February 22, 2001, the Court authorized the Committee to employ L Tersigni Consulting P.C. ("LTC") as its accountant and financial advisor under a general retainer in this case.

6. As set forth in greater detail in the accompanying Declaration of Elihu Inselbuch, counsel for the Committee was informed on May 31, 2007 by two senior

2

professionals at LTC, Bradley M. Rapp and James P. Sinclair, that in 2006 Mr. Rapp had determined that time entries for his work appearing on fee applications made by LTC were sometimes higher than corresponding entries in his own records.

7. Mr. Rapp further informed counsel for the Committee that he had promptly obtained his own attorney and conveyed what he had learned to representatives of the United States Attorney's Office and the United States Trustee in Newark. Mr. Rapp explained that the Department of Justice undertook an investigation and Mr. Rapp was instructed to say nothing about these matters while the investigation was pending. Upon the death of Loreto Tersigni, the sole owner of LTC, on May 30, 2007, Mr. Rapp said he felt free to advise counsel for the Committee of these matters.

8. The Committee terminated the employment of LTC in this case effective May 31, 2007, immediately caused any pending fee applications in this case to be withdrawn, and advised the Debtors to suspend payment of any approved fees. Counsel for the Committee took the same steps in other pending chapter 11 cases in which LTC had been retained.

9. The Committee is currently without a financial advisor.

10. Messrs. Rapp and Sinclair, along with Robert H. Lindsay, another former professional at LTC, have resigned from LTC and formed a financial advisory firm called Charter Oak Financial Consultants, LLC ("Charter Oak").

11. Messrs. Rapp, Sinclair, and Lindsay have represented in sworn certifications attached to this Application that, with the exception of Mr. Rapp's discovery and reporting of the billing irregularities, none of them was aware of any billing irregularities at LTC until approximately the time counsel for the Committee was

informed. Messrs. Rapp, Sinclair and Lindsay have further represented in those sworn certifications that they did not benefit from any misreported hours.

**RELIEF REQUESTED**

12. Pursuant to § 327(a) of the Bankruptcy Code, the Committee now seeks to employ Charter Oak Financial Consultants, LLC ("Charter Oak") as financial advisor under a general retainer to perform the services described below.

13. As attested to in Charter Oak's accompanying certification (the "Charter Oak Certification"), Charter Oak is a firm of experienced financial professionals that was formed on June 8, 2007, for the purpose of providing expert financial advisory services in bankruptcy cases and complex litigation matters. The members of Charter Oak are Bradley M. Rapp, James P. Sinclair, and Robert H. Lindsay (together, the "Financial Professionals"). Charter Oak has also recently hired Peter Cramp and Duncan Sinclair as analysts. The Financial Professionals' qualifications are summarized in the Charter Oak Certification. Mr. Rapp will be the member principally responsible for this engagement.

14. As explained in the accompanying Declaration of Elihu Inselbuch, lead counsel for the Committee, Caplin & Drysdale, consulted with the United States Trustee for Region III and the Assistant United States Trustees from Newark, New Jersey and Wilmington, Delaware about the pressing need of asbestos claimants committees that formerly engaged LTC, including the Committee in this case, to retain new financial advisors. In those consultations, counsel discussed the possibility of the affected asbestos claimants committees making application to the courts for leave to engage the Financial Professionals through a new firm, explained the advantages this course of action holds for

those committees and the interested bankruptcy estates, and outlined the representations made by the Financial Professionals as to their lack of involvement in the billing matters that led those committees to terminate LTC's engagements.

15. In other bankruptcy cases, this Court and other courts have approved the retention of Charter Oak as financial advisors on similar certifications.

16. On August 7, 2007, the official committee of asbestos claimants in the chapter 11 case of W.R. Grace & Co., one of the committees represented by Caplin & Drysdale, filed an application on notice in this Court for permission to retain Charter Oak.

17. On August 29, 2007, the Court entered an order granting that application without objection by the Office of the United States Trustee. *See* Order, In re W.R. Grace & Co., Case No. 01-1139 (Bankr. D. Del.) [Dkt # 16700].

18. On July 12, 2007, the official committee of asbestos claimants in the chapter 11 case of G-I Holdings, Inc., one of the committees represented by Caplin & Drysdale, filed an application on notice in the United States Bankruptcy Court for the District of New Jersey for permission to retain Charter Oak.

19. On July 24, 2007, the Honorable Rosemary Gambardella entered an order granting that application without objection by the Office of the United States Trustee. *See* Order, In re G-I Holdings, Inc., Case No. 01-30135 (Bankr. D.N.J.) [Dkt # 7216].

20. The Committee has since then advised the Office of the United States Trustee of its intention to file the instant application to retain Charter Oak in this case.

5

21. The Committee seeks to retain Charter Oak to perform financial advisory services, which may include but will not necessarily be limited to:

 (a) continuing oversight to enable the Committee to fulfill its responsibilities to monitor the Debtor's financial affairs and the financial affairs of the Debtor's affiliates and subsidiaries;

 (b) interpretation and analysis of financial materials, including accounting, tax, statistical, financial and economic data, regarding the Debtor, the Debtor's affiliates and subsidiaries, and other relevant entities;

 (c) analysis and advice regarding accounting, financial, valuation and related issues that may arise in the course of the proceedings;

 (d) assistance to the Committee's co-counsel in the evaluation and preparation of avoidance power claims and any other potential litigation, as requested;

 (e) analyses and advice regarding settlement negotiations and any potential plan of reorganization;

 (f) expert testimony on financial matters, if requested; and

 (g) such other services as Committee's co-counsel may request.

22. The services to be rendered by Charter Oak will not duplicate the services to be rendered by any other professionals retained by the Committee in this bankruptcy case.

23. To the best of the Committee's knowledge, neither Charter Oak nor any of its members or employees has any connection with the Debtor, its creditors, or any other party in interest, or their respective attorneys or retained professionals, except as stated in the accompanying Certification of Charter Oak, LLC. Charter Oak is thus a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

24. Upon approval of the Application, Charter Oak will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with

applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Western District of Pennsylvania, applicable guidelines promulgated by the Office of the United States Trustee, and the Court's Order Establishing Revised Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members. Charter Oak's compensation requests will be based on hourly billing rates as adjusted from time-to-time. The Committee is informed that Charter Oak's initial billing rates are $535 for its Senior Managing Directors (Messrs. Rapp and Sinclair), $500 for its Director (Mr. Lindsay) and $200 for analysts Peter Cramp and Duncan Sinclair. Charter Oak may engage independent contractors to assist it in providing services to the Committee. If so, Charter Oak may bill in its fee applications for such services at hourly rates commensurate with the experience and qualifications of such independent contractors, and may compensate such independent contractors from amounts awarded by the Court pursuant to such applications.

25. As set forth in the Charter Oak Certification, there is no arrangement for Charter Oak or any of its personnel to receive payment in connection with activities in this case other than in accordance with the Bankruptcy Code, and there is no agreement for them to share compensation in this case with any other entity or to share in compensation to be received by any such other entity in this case.

26. No previous application for the relief sought herein has been made to this Court or any other court.

27. The Committee has urgent need of the requested relief. The Committee has been without a financial advisor since June 1, 2007. For the Committee

to operate without the assistance of a competent financial advisor is contrary to the best interests of the estate and inimical to the progress of this case. By reason of Mr. Rapp's prior work on this case, Charter Oak has familiarity with the financial issues. The retention of Charter Oak would thus make it possible for the Committee to avoid the delays and costs that would necessarily be incurred if the Committee were forced to retain another firm lacking such knowledge. The granting of this Application will equip the Committee in an efficient and appropriate way with the financial expertise required for the progress of the reorganization.

28. Indeed, the need for the Committee to retain a financial advisor has already arisen. In order to facilitate the Committee's analysis of resolutions necessary in light of the Court's recent decisions, Committee counsel asked Charter Oak on November 6, 2007 to prepare certain materials for the Committee's review at its meeting on November 8, 2007 on an emergency basis. The personnel involved at Charter Oak had prior familiarity with these subjects and as a result were able immediately to provide the necessary information for the Committee. *Nunc pro tunc* relief is therefore requested to November 6, 2007.

WHEREFORE, the Committee respectfully requests that the Court enter an order in the form submitted herewith authorizing the Committee to retain Charter Oak as its financial advisor *nunc pro tunc* to November 6, 2007.

Dated: November 8, 2007

                                                Respectfully submitted,

                                                CAMPBELL & LEVINE, LLC

                                                /s/ Philip E. Milch
                                                Douglas A. Campbell, Esquire,
                                                PA I.D. No. 23143
                                                Philip E. Milch, Esquire,
                                                PA I.D. No. 53519
                                                1700 Grant Building
                                                Pittsburgh, PA 15219
                                                (412) 261-0310

                                                         - and –

                                                CAPLIN & DRYSDALE, CHARTERED
                                                Elihu Inselbuch
                                                375 Park Avenue, 35th Floor
                                                New York, NY 10152-3500
                                                (212) 319-7125

                                                Counsel to the Official Committee of
                                                Asbestos Claimants