IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| IN RE: | In Proceedings for a Reorganization under Chapter 11 |
| PITTSBURGH CORNING CORPORATION, | |
| Debtor. | Jointly Administered at Case No. 00-22876 (JKF) |
| PITTSBURGH CORNING CORPORATION, | |
| Movant, | |
| | **Hearing Date: September 19, 2008** |
| v. | **Objections Due: September 2, 2008** |
| (NO RESPONDENT), | |
| Respondent. | |

### APPLICATION FOR ORDER AUTHORIZING THE LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS TO RETAIN AND EMPLOY BEDERSON & COMPANY LLP AS HIS BANKRUPTCY CONSULTANTS AND SPECIAL FINANCIAL ADVISORS NUNC PRO TUNC TO THE APPLCIATION DATE

Lawrence Fitzpatrick, as the legal representative (the "Futures Representative") for future claimants (the "Future Claimants") in the above-captioned chapter 11 cases, submits this application (the "Application") for entry of an order, pursuant to sections 105(a), 327, 524(g) and 1103 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Futures Representative to retain and employ Bederson & Company, LLP ("Bederson" or the "Firm") as the Futures Representative's bankruptcy consultants and special financial advisors nunc pro tunc to the date of this Application. In support of this Application, the Futures Representative relies upon the Affidavit of Edward P. Bond (the "Bond Affidavit"), attached hereto as Exhibit A, and represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 327, 524(g) and 1103 of the Bankruptcy Code, as complemented by Bankruptcy Rule 2014.

## GENERAL BACKGROUND

2. Since the Petition Date, the Debtor has continued in possession of its property and is operating and managing its business, as a debtor in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. Since the late 1960's until the Petition Date, the Debtor defended and settled approximately 230,000 asbestos bodily injury claims. As of the Petition Date, the Debtor had approximately 235,000 open asbestos claims collectively alleging billions of dollars in damages from alleged asbestos exposure

4. As reported in numerous of their pleadings, the Debtor has concluded that they must directly address these asbestos-related claims. In furtherance thereof, the Debtor believes that a reorganization under the provisions of the Bankruptcy Code is the best vehicle for doing so.

5. A key feature of any consensual plan of reorganization will be the creation of a channeling injunction under section 524(g) of the Bankruptcy Code. Through a channeling injunction, all current and future asbestos-related personal injury claims against the Debtor will

be directed to a trust established for the purposes of equitably distributing available assets to the holders of such claims.

6. The terms of a plan of reorganization, through which the parties in interest may seek to implement a section 524(g) channeling injunction and an asbestos claims resolution trust (the "Trust"), have been the subject of negotiations for many months. The procedures for resolving PCC's present and future asbestos-related liabilities are being developed through negotiations between the Debtor, the Futures Representative, the Official Asbestos Creditors Committee (the "ACC"), and the former owners of PCC in numerous asbestos personal injury suits. These negotiations are proceeding on a rapid basis.

7. On February 16, 2001, this Court entered an order authorizing the appointment of Lawrence Fitzpatrick as the Legal Representative for Future Asbestos Personal Injury Claimants (the "Futures Representative"). The Futures Representative has retained Young Conaway Stargatt & Taylor, LLP and Meyer, Unkovic & Scott LLP as his counsel in this case.

8. The determination of the appropriate level of funding for and the appropriate structure of the Trust is essential to ensuring that "the trust will value, and be in a financial position to pay, present claims and future demands that involve similar claims in substantially the same manner." 11 U.S.C. § 524(g)(2)(B)(ii)(V). The Futures Representative requires the services of experienced bankruptcy consultants and special financial advisors to provide analysis and advice concerning, among other things, the structure and funding of the Trust. Accordingly, the Futures Representative has determined that the employment and retention of Bederson is essential to his effective representation of the Future Claimants.

**RELIEF REQUESTED**

9. By this Application, the Futures Representative respectfully requests that the Court enter an order pursuant to sections 105(a), 327, 524(g) and 1103 of the Bankruptcy Code, and Rule 2014 of the Bankruptcy Rules, authorizing the retention and employment of Bederson as his bankruptcy consultants and special financial advisors in connection with these chapter 11 cases <u>nunc pro tunc</u> to the date of this Application.

## **BEDERSON'S QUALIFICATIONS**

10. Bederson is well qualified to serve as bankruptcy consultants and special financial advisors to the Futures Representative. Bederson specializes in assisting and advising debtors, creditors, investors and court-appointed officials in bankruptcy proceedings and out-of-court workouts. Its services have included assistance in developing, analyzing, evaluating, and negotiating significant debtor-in-possession business transactions, analyzing and identifying potential fraudulent conveyances pursuant to section 548 of the Bankruptcy Code, assisting in the development, negotiation and confirmation of plans of reorganization and testifying regarding debt restructuring, feasibility and other relevant issues.

11. Bederson has been retained as financial advisor to the Futures Representative in the Federal-Mogul chapter 11 cases (Bankr. D. Del, Case No. 01-10578). Bederson has also been retained in numerous nationally prominent bankruptcy proceedings including the chapter 11 cases of G-I Holdings, Inc.; Federal Mogul Global, Inc. et al.; Twin County Grocers; Yugo America, Inc.; Pepe Auto Dealerships; Miller and Hartman; J.P. Fyfe, Inc.; Ames Department Stores; Phar-Mor, and Global Industrial Technologies, Inc. among others. Bederson's qualifications, including a description of its staffing and approach in providing services, are more fully set forth in the Affidavit of Edward P. Bond (the "Bond Affidavit"), submitted herewith and filed in support hereof.

## SERVICES TO BE PROVIDED BY BEDERSON

12. All of the services that Bederson will provide to the Futures Representative will be: (i) at the request of the Futures Representative, (ii) appropriately directed by the Futures Representative so as to avoid duplicative efforts among the professionals retained in these cases, and (iii) performed in accordance with applicable standards of the accounting profession. It is presently anticipated that Bederson will provide the following services:

(a) monitor the Debtor's cash flow and operating performance;

(b) analyze and comment on operating and cash flow projections, business plans, operating results, financial statements, other documents and information provided by the Debtor and other information and data pursuant to the Futures Representative's request;

(c) advise the Futures Representative in connection with and in preparation for meetings with the Debtor and their respective professionals;

(d) prepare for and attend meetings with the Futures Representative;

(e) analyze and advise the Futures Representative about any plan of reorganization proposed by the Debtor, the underlying business plan, including the related assumptions and rationale, and the related disclosure statement; and

(f) analyze structure(s) proposed for Trust funding and perform due diligence of proposed sources of trust funding;

(g) assist in preparing forecast cash flow model for purposes of plan- and Trust-related negotiations; and

(h) provide other services as requested by the Futures Representative.

## BEDERSON'S COMPENSATION

13. Bederson's decision to accept this engagement to advise and assist the Futures Representative is contingent upon its ability to be compensated for its services and reimbursed for the out-of-pocket expenses incurred in accordance with its customary billing practices, which are outlined in the Bond Affidavit filed in support of this application.

14. Bederson will seek compensation for its services in accordance with its customary practices and in accordance with the guidelines of this Court. Bederson charges fees based on actual hours expended to perform its services at standard hourly rates established for each partner, manager, accountant and employee, as adjusted from time-to-time. It is the customary practice of Bederson to bill clients for travel time consistent with guidelines of the jurisdiction. Bederson will record time entries in six minute increments. Bederson's fees reflect economies resulting from the use of paraprofessional and support personnel to develop schedules and analyses, input computer data, perform research, work on fee applications, and other activities necessary to the efficient administration of a case. The Futures Representative understands that Bederson does not include support services in Bederson's overhead for the purpose of establishing billing rates. The respective billing rates for the primary professionals assigned to this matter are as follows:

| | |
|---|---|
| Edward P. Bond | $500.00 per hour |
| Timothy J. King | $375.00 per hour |
| Matthew Schwartz | $375.00 per hour |
| Charles S. Lunden | $375.00 per hour |

The general billing rates for other Bederson professionals who may be assigned to this engagement are as follows:

| | |
|---|---|
| Partners | $300.00-$500.00 per hour |
| Managers | $260.00-$305.00 per hour |
| Senior Accountants | $195.00 per hour |
| Semi-Senior Accountants | $160.00 per hour |
| Staff Associates | $130.00 per hour |
| Para Professionals | $115.00 per hour |

15. The Futures Representative understands that Bederson will maintain contemporaneous records of the time expended and out-of-pocket expenses incurred in support of its billings for services.

16. Bederson understands and accepts that the terms of its employment must be approved by the Bankruptcy Court and that the fees it will ultimately receive will be allowed by the Bankruptcy Court and will depend, among other things, on the quality of its work. However, Bederson and the Futures Representative would prefer to resolve at this time any objections, by the Bankruptcy Court or other parties in interest, with respect to Bederson's billing practices, including Bederson's billing rates and methods of charging expenses.

17. Accordingly, Bederson has chosen to be very explicit in setting forth in the Bond Affidavit the terms and conditions of its employment, its staffing and approach and its billing practices, and the Futures Representative hereby seeks this Court's approval of such terms and conditions as part of this Application.

## DISCLOSURE CONCERNING CONFLICTS AND PREPETITION PAYMENTS

18. To the best of the Futures Representative's knowledge, information and belief, Bederson is not related to or connected with and neither holds nor represents any interest adverse to the Debtors, their respective estates, their creditors or any other parties-in-interest herein, or their respective attorneys or the United States Trustee or anyone employed in the Office of the United States Trustee in the matters for which Bederson is proposed to be retained, except that Bederson is connected with the Futures Representative by virtue of this engagement. Consequently, Bederson is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as amended by section 1107(b) of the Bankruptcy Code, and as required by section 1103(b) of the Bankruptcy Code.

19. The Bond Affidavit, executed on behalf of Bederson in accordance with section 1103(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), is submitted herewith as <u>Exhibit A</u> and incorporated herein by reference. The Futures Representative's knowledge, information and belief regarding the matters set forth in the preceding paragraphs is based, and made in reliance, upon said affidavit. Bederson informed the Futures Representative that it has undertaken a detailed search of available information as set forth below, to determine and to disclose, any material relationships between Bederson and any significant creditors, equity security holders or insiders in such unrelated matters. Bederson may represent or have represented certain of the Debtor's creditors or other parties-in-interest herein, or interests adverse to such creditors or other parties in interest herein, in matters unrelated to these chapter 11 cases.

20. In connection with its proposed retention by the Futures Representative in these cases, Bederson undertook to determine whether it had any conflicts or other relationships with parties-in-interest in these cases. To this end, Bederson researched its client files and records which contain information retained under its normal record retention policies, and, based upon its research, constructed a database of entities for which Bederson had performed services during the prior five years (the "Client Database") and has found no client relationships that might bear on its retention by the Futures Representative, except as disclosed in the Bond affidavit.

21. It should be understood that Bederson's former clients and their affiliates, officers, directors, principal shareholders and their respective affiliates may have had relationships with parties-in-interest in these bankruptcy cases, of which Bederson was not informed or, subsequent to the performance of Bederson's services, may have developed relationships with such parties of which Bederson is unaware.

748014.1

## NOTICE

22. Notice of this Application has been given to the Office of the U.S. Trustee, the Debtors, the official committees appointed in these cases, and all parties who filed Notices of Appearance herein, and the Futures Representative submits that no further notice need be given.

## PRIOR REQUEST FOR RELIEF

23. No previous application for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Futures Representative respectfully requests that the Court enter an order, substantially in the form submitted herewith, (i) authorizing the retention and employment of Bederson as its bankruptcy consultants and special financial advisors pursuant to the terms outlined in this Application nunc pro tunc to the date of this Application, and (ii) granting such further and other relief as this Court deems just and proper.

Dated: July 28, 2008

_____
Lawrence Fitzpatrick, as Futures Representative