IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------------x
IN RE: ) In Proceedings for a
) Reorganization under Chapter 11
PITTSBURGH CORNING CORPORATION, )
) Case No. 00-22876 JFK
Debtor. )
-----------------------------------------------------------------x
Travelers Casualty and Surety Company, )
American Home Assurance Company, and )
Continental Casualty Co., )
)
) Related to Document No. 8321
Movants, )
) Hearing Date & Time:
v. ) September 20, 2011
) 1:00pm
)
) Response Date:
(NO RESPONDENT) ) September 2, 2011
-----------------------------------------------------------------x

## AFFILIATE INSURERS' MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND ORDER DENYING CONFIRMATION

Travelers Casualty and Surety Company, American Home Assurance Company, and Continental Casualty Company hereby move pursuant to Federal Rules of Bankruptcy Procedure 7052, 8002, 9014, and 9023 for reconsideration or alternatively, to alter or amend this Court's Memorandum Opinion and Order dated June 16, 2011.

1. Movants are certain insurers ("Affiliate Insurers") that issued excess insurance policies to Corning ("Affiliate Policies"). The Debtor has asserted that PCC is an "affiliate" of Corning for insurance coverage purposes and that it is entitled to coverage under the Affiliate Policies.

2. PCC had asserted these claims in the Adversary Proceeding brought by Corning, *Corning, Inc. v. Pittsburgh Corning Corporation, et al.*, No. 2:02-cv-1898 ("Corning Adversary

Proceeding"). PCC, Corning, and the Affiliate Insurers subsequently entered into a stipulation dismissing the Corning Adversary Proceeding without prejudice. The parties' stipulation also tolled the statute of limitations with respect to PCC's claims and agreed that any action relating to those claims would be refiled in the District Court.[1] (A copy of the District Court's order approving the stipulation is attached as Exhibit A.)

3. This Court's Memorandum Opinion dated June 16, 2011, notes that in the Court's 2006 Memorandum Opinion, the Court had "found that PCC is an affiliate of Corning and, therefore, the insurance shared between them 'is an asset of [PCC's] estate...'" Mem. Op. at 36 (quoting *In re Pittsburgh Corning Corp.*, 417 B.R. 289, 306 (Bankr. W.D. Pa. 2006)).

4. By appearing to decide the merits of PCC's claim that it is an "affiliate" of Corning entitled to claim coverage under the Affiliate Policies, the Court has appeared to decide the threshold and potentially outcome-determinative question with respect to PCC's insurance coverage claim, even though this Court has repeatedly stated its intention to not decide any insurance coverage issues.

5. The Court may be relying on 11 U.S.C. §101 in stating that PCC is an "affiliate" of Corning. However, the bankruptcy use of that term does not decide the *coverage* issue of whether one entity is insured under the policies of another.

6. As noted, the issue of PCC's claims with respect to the Affiliate Policies was presented in the Corning Adversary Proceeding, and the District Court withdrew the reference of that proceeding from this Court. To the extent that PCC's claims against the Affiliate Insurers are not released pursuant to the Plan of Reorganization (as the current Plan contemplates), those claims will be adjudicated in the District Court.

---

[1] The District Court had previously withdrawn the reference of the Corning Adversary Proceeding from this Court.

7. Movants respectfully request that the Court modify or amend its Memorandum Opinion to recognize that, although PCC has asserted a claim for coverage under the Affiliate Policies, the Court has not actually determined that the Affiliate Policies represent an asset of the estate under which PCC is entitled to seek coverage.

WHEREFORE the movants respectfully request that this Court grant their motion and modify or amend the Memorandum Opinion to specify: (1) the Court recognizes that PCC has asserted that PCC is an "affiliate" under the Affiliate Policies for insurance coverage purposes; and (2) that the Court is not purporting to determine whether PCC is an "affiliate" for insurance coverage purposes or whether the Affiliate Policies are actually an asset of the estate under which PCC is entitled to seek coverage.

Dated: June 30, 2011

Respectfully submitted,

ROBB LEONARD MULVIHILL LLP

/s/Mark A. Martini
Mark A. Martini
BNY Mellon Center
500 Grant Street, 23rd Floor
Pittsburgh, PA 15219
Telephone: 412-281-5431
Facsimile: 412-281-3711
PA ID No.: 91001

-and-

DEBEVOISE & PLIMPTON LLP
Robert D. Goodman
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
Facsimile: 212-909-6836

ATTORNEYS FOR TRAVELERS CASUALTY AND SURETY COMPANY

STONECIPHER, CUNNINGHAM, BEARD & SCHMITT, PC

George T. Snyder
125 First Avenue
Pittsburgh, PA 15222
Telephone: 412-391-8510
Facsimile: 412-391-8522

-and-

McDERMOTT WILL & EMERY LLP
M. Miller Baker
Richard B. Rogers
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: 202-756-8000
Facsimile: 202-756-8087

-and-

CARROLL, BURDICK & McDONOUGH LLP
Rodney L. Eshelman
Gretchen A. Ramos
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: 415-989-5900
Facsimile: 415-989-0932

ATTORNEYS FOR CONTINENTAL
CASUALTY COMPANY

ZEICHNER ELLMAN & KRAUSE LLP
Peter Janovsky, Esq.
575 Lexington Avenue
New York, NY 10022
Telephone: 212-223-0400
Facsimile: 212-753-0396

ATTORNEYS FOR AMERICAN HOME
ASSURANCE COMPANY